UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE REILLY,

    *Plaintiff,*

v.

ST. CLAIR COUNTY,
ST. CLAIR COUNTY JAIL,
ST. CLAIR COUNTY
 COMMISSIONERS,
TIM DONNELLON,
TOM BUCKLEY,
MATT PAULUS
TOM BLISS,
KYLE ADAMS,
RICHARD OLEJNK,
GREG MCCONNELL,
KARL TOMION,
HOWARD HEIDEMANN,
DUKE DUNN,
JEFFREY BOHM,
DAVID RUSHING,
BILL GRATOPP,
DANIEL KELLY,
UNKNOWN GILBERT,
UNKNOWN O'BOYLE,
UNKNOWN LEPOLA,
UNKNOWN BELL,
JOHN DOE 1,
JOHN DOE 2,

    *Defendants*.

_____/

CASE NO. 2:22-cv-11952

DISTRICT JUDGE MATTHEW F. LEITMAN
MAGISTRATE JUDGE PATRICIA T. MORRIS

1

# REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

For the following reasons, I **RECOMMEND** that the Court **DISMISS** Defendants St. Clair County Jail, Daniel Kelly, and the St. Clair County Commissioners, Greg McConnell, Karl Tomion, Howard Heidemann, Duke Dunn, Jeffrey Bohm, David Rushing, and Bill Gratop *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) (2018).

**II.   REPORT**

**A.   BACKGROUND**

Plaintiff, currently a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") at the Macomb Correctional Facility ("MRF") in New Haven, Michigan, filed suit in this Court on August 19, 2022, alleging deprivations of her civil rights under 42 U.S.C. 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and the Rehabilitation Act ("RA"), 29 U.S.C. § 794 *et seq.* while a pretrial detainee in the custody of the St. Clair County Jail between September 29, 2018 and August 2, 2019. (ECF No. 1, PageID.1-11, ¶¶ 25-55).[1]

---

[1] Plaintiff is listed as a biological male in MDOC's Offender Tracking Information System ("OTIS") but uses female pronouns in the Complaint. https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=203296.  (Last visited December 12, 2022).

2

### B. LEGAL STANDARD

Because Reilly proceeds *in forma pauperis*, she subjects her claims to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Under § 1915, courts may *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court may "dismiss the case at any time if the court determines" that it "is frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Still, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555

3

(citations omitted). The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.*

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### C. ANALYSIS

#### 1. The St. Clair County Jail

Because the Defendant St. Clair County Jail is not a suable entity under § 1983, the claims should be dismissed. *Lee v. St. Clair Co. Drug Task Force*, No. 16-CV-14364, 2017 WL 2501063, at *2 (E.D. Mich. June 9, 2017) (Parker, J.) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007)). "It is well-settled under Michigan law that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under . . . § 1983." *Edwards v. Jail*, No. 2:16-CV-11596, 2016 WL 2937146, at *2 (E.D. Mich. May 20, 2016) ("Plaintiff thus fails to state a claim upon which relief may be granted . . . and his Prisoner Civil Rights complaint against the Macomb County Jail must be dismissed.").

4

As to the ADA and RA claims, "the ADA is applicable to state and local government entities, including prisons and county jail facilities." *Jones v. Centurion*, No. 1:22-CV-00024, 2022 WL 9495987, at *6 (M.D. Tenn. Oct. 14, 2022) (quoting *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998)) ("[T]he term 'public entity' [as used in the Act] includes prison facilities"); *Salcido as Next Friend of K.L. v. Harris Cnty., Texas*, No. CV H-15-2155, 2018 WL 4690276, at *43 (S.D. Tex. Sept. 28, 2018) (citing *Pace v. Bogalusa City School Board,* 403 F.3d 272, 287-88 (5th Cir. 2005)). Because "[t]he rights and remedies under the ADA and the RA are the same, case law interpreting one statute can be applied to the other." *Salcido*, at *43. However, Plaintiff's allegations regarding policies and practices of the Jail are properly made against Defendant St. Clair County. "Courts have repeatedly and uniformly held that county jails and the sheriff's departments that run them are agencies of the county, not separate legal entities, and thus, they cannot be sued." *Hayes v. Saginaw Cnty. Jail*, No. 12-CV-12323, 2012 WL 6845669, at *3 (E.D. Mich. Dec. 17, 2012), *report and recommendation adopted,* No. 12-CV-12323, 2013 WL 140920 (E.D. Mich. Jan. 11, 2013) (citing *Watson v. Gill,* 40 Fed. App'x. 88, 89 (6th Cir.2002)); *HRSS, Inc. v. Wayne Cnty. Treasurer*, 279 F. Supp. 2d 846, 858–59, 2003 WL 22037745 (E.D. Mich. 2003) (citing *Rushing v. Wayne Cnty,* 436 Mich. 247, 462 N.W.2d 23, 29 (1990)) ("[P]olicies of the sheriff's department and jail administrators . . .

attributable to the county"); *Brooks v. Cnty. of Macomb*, No. 13-CV-15082, 2015 WL 4430190, at *2 (E.D. Mich. July 20, 2015) (Levy, J.) (ADA claims regarding conditions at county jail properly analyzed against the defendant county). In situations where the claimant has not also named the county defendant, the claims against the jail are construed against the county. *Pegross v. Wayne Cnty. Jail*, No. 07-12839, 2008 WL 6722771, at *3 (E.D. Mich. May 22, 2008) (Lawson, J.). But because Plaintiff has already named St. Clair County, the claims against the County Jail are wholly superfluous.

### 2. Daniel Kelly

Defendant Kelly is listed in the caption, but Plaintiff does not make any allegations against him. Because Plaintiff has failed to state a claim against Kelly or even mention him in the body of the Complaint, he should be dismissed from the action.

### 3. The St. Clair County Commissioners, Greg McConnell, Karl Tomion, Howard Heidemann, Duke Dunn, Jeffrey Bohm, David Rushing, Bill Gratopp

The Complaint states that the Jail is "funded by St. Clair County Commissioners." (ECF No. 1, PageID.1). Although "St. Clair County Commissioners" are listed as a separate Defendant, Plaintiff does not make any allegations against the board of commissioners collectively. Claims against the governing body itself should therefore be dismissed.

6

As to claims against the individual board members, Plaintiff identifies McConnell, Tomion, Heidemann, Dunn, Bohm, Rushing, and Gratopp as Commissioners and that each of these individual's "duties include approving county funds to be spent on agencies such as the St. Clair County Jail to ensure they are properly funded and operating according to federal and state laws." (*Id*. at PageID.4-5, ¶ ¶ 16-22). Plaintiff sues them in their personal capacities. (*Id.*)/

Plaintiff's allegation that the Commissioners were responsible for appropriating funds for the Jail's maintenance, without more, are subject to dismissal on the basis of absolute immunity. It is well settled that "local legislators are protected by absolute immunity when they act in their legislative capacities." *Shoultes v. Laidlaw,* 885 F.2d 114, 117 (6th Cir.1989). Local legislators include county commissioners. *May v. Cnty. of Trumbull, Ohio*, 127 F.3d 1102 (Table), 1997 WL 651662, at *3 (6th Cir. 1997)(County commissioners "are protected by absolute immunity" when performing legislative functions."). Appropriating budget funds, as alleged here, are "formally legislative" functions and therefore "entitled to legislative immunity." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998); *See also Saalim v. Walmart Inc.*, No. 3:21 CV 1481, 2022 WL 426178, at *4 (N.D. Ohio Feb. 11, 2022) (Dismissing claims against commissioners where plaintiff failed to allege that "the Board of Commissioners had supervisory or policymaking control over the sheriff's department and its deputy sheriffs, only that it had the ability to

7

provide funding for training."). Because the alleged actions by these Defendants in their individual capacities are purely legislative functions, the claims against them are barred by absolute immunity.

### III. CONCLUSION

For these reasons, I **RECOMMEND** that the Court **DISMISS** Defendants St. Clair County Jail, Daniel Kelly, the St. Clair County Commissioners, Greg McConnell, Karl Tomion, Howard Heidemann, Duke Dunn, Jeffrey Bohm, David Rushing, and Bill Gratop *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) (2018).

### IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401

(6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 19, 2022

S/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge