UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE REILLY,

    Plaintiff,

v.

Case No. 22-cv-11952
Hon. Matthew F. Leitman

ST. CLAIR COUNTY, *et al.*,

    Defendants.
_____/

**ORDER (1) OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS (ECF No. 25) TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 14) AND (2) SUMMARILY DISMISSING CLAIMS AGAINST DEFENDANTS ST. CLAIR COUNTY JAIL AND THE ST. CLAIR COMMISSIONERS, GREG MCCONNELL, KARL TOMION, HOWARD HEIDEMANN, DUKE DUNN, JEFFREY BOHM, DAVID RUSHING, AND BILL GRATOPP**

On August 19, 2022, Plaintiff Jamie Reilly[1] filed this *pro se* civil action against a number of individuals and municipal entities. Reilly broadly alleges that, while she was confined as a pretrial detainee in the St. Clair County Jail, "she was subjected to inhumane living conditions, deliberate indifference, and sexual abuse/harassment." (*Id.*, PageID.1-2.) Reilly now seeks to hold the various named Defendants liable under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act (RA), 29 U.S.C. § 794 *et seq.* The suit was referred to Magistrate Judge Patricia Morris for all pretrial proceedings on December 5, 2022.

---

[1] Plaintiff is listed as a biological male in MDOC's Offender Tracking Information System, but identifies as a female and uses female pronouns in the Complaint.

1

On December 19, 2022, Magistrate Judge Morris entered a Report and Recommendation (the "R&R"), in which she recommended that this Court summarily dismiss all claims against Defendants St. Clair County Jail, Daniel Kelly, and the St. Clair County Commissioners, Greg McConnell, Karl Tomion, Howard Heidemann, Duke Dunn, Jeffrey Bohm, David Rushing, and Bill Gratopp. (*See* R&R, ECF No. 14.) First, Magistrate Judge Morris concluded that Reilly had not stated a plausible claim for relief against Defendant St. Clair County Jail because a county jail is not a suable entity under § 1983, the ADA, or the RA. (*See id.*, PageID.86-88.) Second, Magistrate Judge Morris recommended that Defendant Daniel Kelly be summarily dismissed from this action because "Plaintiff does not make any allegations against him" and failed to "even mention him in the body of the Complaint." (*Id.*, PageID.88.) Finally, Magistrate Judge Morris concluded that Reilly had not stated a plausible claim of relief against any of the St. Clair County Commissioners. (*See id.*) In doing so, she noted that Reilly had not made any allegations against the St. Clair County Commissioners as a governing body, and she further concluded that the individual commissioners are protected by legislative immunity. (*See id.*, PageID.89.)

Reilly has now filed Objections to the R&R. (*See* Obj., ECF No. 25.) Reilly does not object to the dismissal of the St. Clair County Jail, but argues that the Magistrate Judge erred in recommending that her claims against Defendant Kelly and the St. Clair County Commissioners be summarily dismissed. (*See id.*, PageID.453-454.) For the

reasons explained below, Reilly's Objections are **SUSTAINED IN PART** and **OVERRULED IN PART.**

# I

## A

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). Moreover, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009).

## B

Because Reilly is proceeding *in forma pauperis*, the allegations in her Complaint are subject to the screening standards laid out in 28 U.S.C. § 1915(e)(2)(B). That section requires district courts to screen and dismiss complaints that (i) assert frivolous or malicious claims, (ii) fail to state a claim upon which relief may be granted, and/or

(iii) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is frivolous and is subject to *sua sponte* dismissal under Section 1915(e) if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In addition, while the Court must liberally construe documents filed by a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a *pro se* complaint must still plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a Court's review of a complaint under Section 1915(e)(2)(B) for failure to state a claim). The Court will therefore dismiss a complaint that does not state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## II

### A

The Court begins with Reilly's first objection, which is directed to Magistrate Judge Morris's recommendation that the claims against the St. Clair County Commissioners be summarily dismissed. Reilly does not appear to object to Magistrate Judge Morris's conclusion that she had not stated a plausible claim for relief against the St. County Commissioners as a governing body. (*See* Obj., ECF No. 25, PageID.453.) Instead, she appears to object only to the Magistrate Judge's recommendation that the claims against the individual commissioners be dismissed. (*See id.*) As explained

above, Magistrate Judge Morris concluded that the commissioners could not be sued under § 1983, the ADA, or the RA because they were acting in their legislative capacities, and are therefore protected by legislative immunity. As Magistrate Judge Morris explained, county commissioners are local legislators who are protected by absolute immunity when they act in their legislative capacities. *See Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989); *May v. County of Trumbull, Ohio*, 1997 WL 651662, at *3 (6th Cir. 1997) (finding that County Commissioners were local legislators protected by legislative immunity).

In support of her objection, Reilly argues that Congress abrogated Eleventh Amendment immunity for certain claims arising under the ADA, and cites the Supreme Court's decision in *United States v. Georgia*, 546 U.S. 151 (2006). But this objection does not respond to the reasoning in the R&R. The Court in *United States v. Georgia* determined that states may be sued for ADA violations "that *actually* violate[] the Fourteenth Amendment." *Id.* at 159. But the Court did not hold that local legislators could be sued on the basis of actions they take in their legislative capacities, or that the ADA abrogates legislative immunity in any way. Accordingly, Reilly's objection to this recommendation is overruled.

## B

The Court next addresses Reilly's second objection, which is directed to Magistrate Judge Morris's recommendation that Reilly's claims against Defendant Daniel Kelly be summarily dismissed. In support of this objection, Reilly argues that

Defendant Kelly "played a critical role in the events that transpired at the jail and should not avoid liability due to the errors of a pro se litigant." (Obj., ECF No. 26, PageID.454.) She also asks this Court for leave to amend her Complaint "to the extent she failed to name him in the body of the complaint." (*Id.*)

Reilly does not identify any error in the R&R. Nonetheless, the Court believes that Defendant Kelly's involvement in the conduct alleged in Reilly's complaint is a factual issue that is best resolved in the context of Defendants' Amended Motion to Dismiss (ECF No. 22), which is now pending before Magistrate Judge Morris. Therefore, Reilly's objection to this recommendation is sustained.

### C

Reilly does not object to Magistrate Judge Morris's recommendation that the claims against St. Clair County Jail be dismissed. Instead, she explicitly states that she "does not take issue with the dismissal of the St. Clair County Jail." (Obj., ECF No. 25, PageID.454.) The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Accordingly, the Court adopts Magistrate Judge Morris's recommendation that Reilly's claims against St. Clair County Jail be summarily dismissed.

### III

For the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Reilly's Objections to the R&R are **OVERRULED IN PART** and **SUSTAINED IN PART** as set forth above.

- All claims against Defendants St. Clair County Jail and the St. Clair County Commissioners, Greg McConnell, Karl Tomion, Howard Heidemann, Duke Dunn, Jeffrey Bohm, David Rushing, and Bill Gratopp, are summarily **DISMISSED.**

- All other claims, including Reilly's claims against Defendant Daniel Kelly, will be allowed to proceed, at least for the time being.

**IT IS SO ORDERED.**

                                                s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: March 6, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 6, 2023, by electronic means and/or ordinary mail.

                                                s/Holly A. Ryan
                                                Case Manager
                                                (313) 234-5126