**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


JAMIE REILLY,

      *Plaintiff,*

*v.*

ST. CLAIR COUNTY,
TIM DONNELLON,
TOM BUCKLEY,
MATT PAULUS
TOM BLISS,
KYLE ADAMS,
RICHARD OLEJNK,
DANIEL KELLY,
UNKNOWN GILBERT,
UNKNOWN O'BOYLE,
UNKNOWN LEPOLA,
UNKNOWN BELL,
JOHN DOE 1,
JOHN DOE 2,

      *Defendants.*

_____/

CASE NO. 2:22-cv-11952

DISTRICT JUDGE MATTHEW F. LEITMAN
MAGISTRATE JUDGE PATRICIA T. MORRIS

**REPORT AND RECOMMENDATION REGARDING DEFENDANTS'**
**AMENDED MOTION TO DISMISS (ECF No. 22) AND**
**RECOMMENDATION TO DENY DEFENDANTS' ORIGINAL MOTION**
**TO DISMISS (ECF No. 15) AS MOOT**

**I.      RECOMMENDATION**

For the following reasons, I **RECOMMEND** as follows:

1

1.    The motion as to already-dismissed Defendants St. Clair County Jail and St. Clair County Commissioners Greg McConnell, Karl Tomion, Howard Heidemann, Duke Dunn, Jeffrey Bohm, David Rushing, and Bill Gratopp should be **DENIED AS MOOT.**

2.    The Motion to Dismiss by St. Clair County, Tim Donnellon, Thomas Buckley, Matt Paulus, Tom Bliss, Greg McConnell, Karl Tomion, Howard Heidemann, Duke Dunn, Jeffery Bohm, David Rushing, Bill Gratopp, Daniel Kelly, Kyle Adams, and Richard Olejnik should be **GRANTED**, dismissing these individuals on the basis of *res judicata*.[1]

3.    Claims against Defendant Kelly in his capacity as Plaintiff's sentencing judge are barred by absolute immunity and should be **DISMISSED**.

4.    Claims Against Defendants Gilbert, O'Boyle, Lepola, and Bell are time barred and should be **DISMISSED**.

5.    Defendants St. Clair County, Tim Donnellon, Tom Buckley, Matt Paulus, Tom Bliss, Kyle Adams, Richard Olejnik, Greg McConnell, Karl Tomion, Howard Heidemann, Duke Dunn, Jeffery Bohm, David Rushing, Bill Gratopp, Daniel Kelly, Deputy Gilbert, Deputy O'Boyle, Deputy Lepola, and Deputy Bell's motion to dismiss Plaintiff's original complaint (ECF No. 15) should be **DENIED AS MOOT**.

## II.    REPORT

### A.    BACKGROUND

Plaintiff, currently a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") at the Macomb Correctional Facility ("MRF") in New Haven, Michigan, filed suit in this Court on August 19, 2022, alleging deprivations

---

[1] *See* Case No. 2:19-cv-11249, (ECF No. 113).

of her civil rights under 42 U.S.C. 1983, the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C.

§ 794 *et seq.* while a pretrial detainee in the custody of the St. Clair County Jail

between September 29, 2018 and August 8, 2019. (ECF No. 1, PageID.1-11, ¶¶ 25-

55).[2]

### B.    LEGAL STANDARD

Under Rule 12(b)(6), a complaint must provide "a short and plain statement

of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

Accordingly, a plaintiff's complaint shall be dismissed for failure to state a claim if

it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to

infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must

"raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere

labels, conclusory statements, or "formulaic recitations" of the elements of a cause

of action are not sufficient to meet this burden if they are unsupported by adequate

factual allegations. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The

requirement to provide a plausible claim does not require that a claim be "probable";

---

[2] Plaintiff is listed as a biological male in MDOC's Offender Tracking Information System ("OTIS") but uses female pronouns in the Complaint. https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=203296.  (Last visited December 12, 2022).

however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556

U.S. 662, 678–80 (2009).

Because Plaintiff filed her complaint pro se, her pleadings are liberally

construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*

*v. Kerner*, 404 U.S. 519, 520 (1972)). However, even pro se complaints must satisfy

basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

C.    ANALYSIS

**1.    Defendants St. Clair County Jail and St. Clair County Commissioners Greg McConnell, Karl Tomion, Howard Heidemann, Duke Dunn, Jeffrey Bohm, David Rushing, and Bill Gratopp.**

Since the filing of the current motion, the District Court adopted my

recommendation to dismiss *sua sponte* Defendants St. Clair County Jail and St. Clair

County Commissioners, Greg McConnell, Karl Tomion, Howard Heidemann, Duke

Dunn, Jeffrey Bohm, David Rushing, and Bill Gratopp. (ECF No. 26). Accordingly,

the amended motion to dismiss as to these Defendants should be denied as moot.

**2.    Dismissal on the Basis of Res Judicata is Appropriate for Defendants St. Clair County, Tim Donnellon, Thomas Buckley, Matt Paulus, Tom Bliss, Greg McConnell, Karl Tomion, Howard Heidemann, Duke Dunn, Jeffery Bohm, David Rushing, Bill Gratopp, Daniel Kelly,[3] Kyle Adams, and Richard Olejnik.**

---

[3] On March 6, 2023, the District Court declined to *sua sponte* dismiss claims against Daniel Kelly, a now-retired St. Clair County Circuit Court judge but noted that that "Defendant Kelly's involvement in the conduct alleged in Reilly's complaint is a factual issue that is best resolved in the context of Defendants' Amended Motion to Dismiss." (ECF No. 26, PageID.461).

Defendants argue that the above 15 individuals are subject to dismissal on the basis of *res judicata*.  (ECF No. 22, PageID.293-296).  They note that Plaintiff filed an earlier suit regarding her medical care and treatment by Jail staff on April 30, 2019 and later, an amended complaint on October 18, 2019.  Case No. 2:19-cv-11249, (ECF No. 19).  On June 17, 2021, the District Court granted Defendant St. Clair County's motion for summary judgment and the remaining 14 Defendants' motion for judgment on the pleadings. *Id.* at (ECF Nos. 94, 109, 113, PageID.1234).

"The doctrine of res judicata bars subsequent causes of action when a court of competent jurisdiction already has rendered a final decision on the merits involving the same parties and claims in a prior action." *Consolidation Coal Co. v. Maynes*, 739 F.3d 323, 327 (6th Cir. 2014).   *Res judicata* represents "a rule of fundamental and substantial justice" seeking to provide a clear and binding end to litigation. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (*quoting Hart Steel Co. v. R.R. Supply Co.*, 244 U.S. 294, 299 (1917)). It encompasses two related concepts: true *res judicata*, or claim preclusion, and collateral estoppel, also called issue preclusion. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984); *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 745 n. 4 (6th Cir. 2002). Put simply, the difference between the two is that "[t]he former precludes entire claims, the latter relitigation of specific issues." *Miller v. Runyon*, 77 F.3d 189, 194 (7th Cir. 1996). When a federal court made the prior judgment,

federal law determines the judgment's preclusive effect. *Blonder–Tongue Laboratories, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 n. 12 (1971).

Once a court renders a valid and final judgment on an action, claim preclusion bars the parties from later relitigating any claims that were actually litigated or that could have been raised in the earlier action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); 18 Wright & Miller, *Federal Practice and Procedure* § 4407 (3d ed. 1998). It applies if four elements are met:

> (1) where the prior decision was a final decision on the merits; (2) where the present action is between the same parties or their privies as those to the prior action; (3) where the claim in a present action should have been litigated in the prior action; and (4) where an identity exists between the prior and present actions.

*Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003).

Plaintiff's October 17, 2019 amended complaint in the previous case alleges that during her incarceration as a pretrial detainee between September 2018 and August 8, 2019, St. Clair County; St. Clair County Commissioners McConnell, Tomion, Heidemann, Dunn, Bohm, Rushing, Gratopp; and Circuit Court Judge Daniel Kelly were "administrators, policy/rule makers, money handlers, contract negotiators, operation managers, gatekeepers, security forms, overseers, regulators, bosses, supervisors, and disciplinary enforcers responsible for failing to provide adequate housing conditions and medical care for inmates, specifically transexual

inmates, housed at the St. Clair County Jail in violation of the Fourteenth Amendment, ADA, and RA." Case No. 2:19-cv-11249, (ECF No. 19, PageID.81).

The District Court adopted the Magistrate Judge's recommendation to dismiss these individuals on the basis that Plaintiff had failed to identify an unconstitutional policy, practice, or custom by the County's policy makers. *Id.*, (ECF Nos. 109, 113). Plaintiff did not object to the Magistrate Judge's recommendation to dismiss the claims against these Defendants. *Id.*, ECF No. 113, PageID.1233). Likewise in the present action, Plaintiff alleges that these individuals were responsible for ensuring that the inmates were provided with adequate medical care and accommodations during his stint at the Jail between September 29, 2018 and August 8, 2019. (ECF No. 1, PageID.3-6).

The amended complaint in the earlier case is short on the particulars of Plaintiff's claims against Defendants Donnellon, Buckley Paulus, Bliss, Adams, and Olejnik. Case No. 2:19-cv-11249, (ECF No. 19). Plaintiff alleged that Defendant Olejnik failed to process Plaintiff's complaint that she had been improperly billed for a medically related expense. *Id.*, (*Id.* at PageID.94, 115). Exhibits attached to the amended complaint indicate that Defendant Adams responded to Plaintiff's complaint that she did not have adequate resources to perform legal research. *Id.*, (*Id.* at PageID.121). The District Court also granted summary judgment or judgment on the pleadings to these individuals. *Id.*, (ECF Nos. 109, 113). In the present case,

Plaintiff alleges that Donnellon, the St. Clair County Sheriff; Buckley Under Sheriff; Paulus, Under Sheriff; Bliss, Captain of the Jail;  Adams, a Lieutenant at the Jail; and Olejnik, also a Lieutenant, "were all made aware" that Plaintiff's "living/transport conditions" caused "excruciating pain" yet failed to take action or address her "serious medical needs." (ECF No. 1, PageID.3-4,13).

It is undisputed that the dismissal of these Defendants constitutes a final decision on the merits and that the present action is between the same parties as those in the prior action.  To the extent that the factual allegations in this case are reworded, vary slightly, or as to Donnellon, Buckley, Paulus, Bliss, Adams, and Olejnik are slightly "fleshed out" from Plaintiff's October 2019 amended complaint in the earlier case, she could have provided the same level of detail relating to the September 2018 to August 2019 incarceration in the prior amended complaint. Notably, Plaintiff did not file objections to the Magistrate Judge's recommendation to dismiss these Defendants, ask for reconsideration of the order of dismissal, or request leave to amend the complaint a second time based on newly acquired information at any time between October 2019 and the February 2, 2023 dismissal of the last remaining defendants and final judgment.[4]

### 3.  Daniel Kelly Also Enjoys Absolute Immunity From Suit

---

[4] The defendant medical care providers dismissed on February 2, 2023 were not named in the present action.

Defendant Daniel Kelly is identified as "Plaintiff's sentencing Judge" in Defendants' amended motion to dismiss.  (ECF No. 22, PageID.288).  Although neither the amended complaint in the previous case nor the current Complaint is a model of clarity, Plaintiff's allegations against Judge Kelly relating to Plaintiff's criminal conviction and sentencing would be barred by absolute immunity.  "Any claim against [the judge] for his sentencing of Plaintiff and ordering a tether is barred by judicial immunity." *Elder v. Michigan*, No. 20-10066, 2020 WL 570910, at *1 (E.D. Mich. Feb. 5, 2020) (Cleland, J.) (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("'It is well established that judges are entitled to absolute immunity from suits for money damages for all action taken in the judge's judicial capacity, unless these action are taken in the complete absence of any jurisdiction.'").

### 4.   The Three-Year Statute of Limitations Bars Claims Against Defendants Gilbert, O'Boyle, Lepola, and Bell

Unlike the previously discussed 15 Defendants, Defendants Gilbert, O'Boyle, Lepola, and Bell were not named in the previous action.  Plaintiff alleges, in effect, that they were deliberately indifferent to her dignity, comfort, and safety in transporting him to and from the Jail for court appearances and medical treatment. Plaintiff alleges that these incidents occurred on October 10 and 17, 2018; December 3, 2018; March 20, 2019; May 6 and 24, 2019; June 18 and 28, 2019; and August 2, 2019.  (ECF No. 1, PageID.7-12, ¶¶ 34, 37, 39, 43, 48, 50, 53-55).

"[C]onstitutional claims asserted under 42 U.S.C. § 1983 are governed by the state personal injury statute of limitations." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)).   "[T]he appropriate statute of limitations to  be  borrowed  for § 1983 actions  arising  in Michigan is the state's three-year limitations period for personal injury claims. Mich. Comp. Laws. § 600.5805(10)." *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008) (citing *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004)). Plaintiff's ADA and RA claims are also subject to the same three-year statute of limitations.  *See Budd v. Summit Pointe*, No. 1:19-CV-466, 2020 WL 1049838, at *5 (W.D. Mich. Feb. 14, 2020), *report and recommendation adopted sub nom. Budd v. Pointe*, No. 1:19-CV-466, 2020 WL 1043800 (W.D. Mich. Mar. 4, 2020) (citing *McCormick v. Miami University*, 693 F.3d 654, 662 (6th Cir. 2012).

Because Plaintiff's lawsuit was filed on August 19, 2022, more than three years after the last, August 2, 2019 incident, the claims against these Defendants are barred by Michigan's three-year statute of limitations.  It is worth repeating that Plaintiff left the Jail on August 8, 2019.  Hence, any additional claims she seeks to bring regarding his incarceration at the Jail are time barred.

III.   CONCLUSION

For these reasons, I recommend the following:

I **RECOMMEND** as follows:

1. The motion as to already-dismissed Defendants St. Clair County Jail and St. Clair County Commissioners Greg McConnell, Karl Tomion, Howard Heidemann, Duke Dunn, Jeffrey Bohm, David Rushing, and Bill Gratopp should be **DENIED AS MOOT.**

2. The Motion to Dismiss by St. Clair County, Tim Donnellon, Thomas Buckley, Matt Paulus, Tom Bliss, Greg McConnell, Karl Tomion, Howard Heidemann, Duke Dunn, Jeffery Bohm, David Rushing, Bill Gratopp, Daniel Kelly, Kyle Adams, and Richard Olejnik should be **GRANTED**, **DISMISSING** these individuals on the basis of *res judicata*.

3. Claims against Defendant Kelly in his capacity as Plaintiff's sentencing judge are barred by absolute immunity and should be **DISMISSED.**

4. Claims Against Defendants Gilbert, O'Boyle, Lepola, and Bell are time barred and should be **DISMISSED**.

5. Defendants St. Clair County, Tim Donnellon, Tom Buckley, Matt Paulus, Tom Bliss, Kyle Adams, Richard Olejnik, Greg McConnell, Karl Tomion, Howard Heidemann, Duke Dunn, Jeffery Bohm, David Rushing, Bill Gratopp, Daniel Kelly, Deputy Gilbert, Deputy O'Boyle, Deputy Lepola, and Deputy Bell's motion to dismiss Plaintiff's original complaint (ECF No. 15) should be **DENIED AS MOOT**.

## IV.   REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  April 5, 2023                                     S/PATRICIA T. MORRIS
                                                         Patricia T. Morris
                                                         United States Magistrate Judge