# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMIE REILLY,

    *Plaintiff,*

CASE NO. 2:22-cv-11952

DISTRICT JUDGE MATTHEW F. LEITMAN
MAGISTRATE JUDGE PATRICIA T. MORRIS

*v.*

ST. CLAIR COUNTY,
TIM DONNELLON,
TOM BUCKLEY,
MATT PAULUS
TOM BLISS,
KYLE ADAMS,
RICHARD OLEJNK,
DANIEL KELLY,
UNKNOWN GILBERT,
UNKNOWN O'BOYLE,
UNKNOWN LEPOLA,
UNKNOWN BELL,
JOHN DOE 1,
JANE DOE 2,

    *Defendants.*

_____/

## REPORT AND RECOMMENDATION TO DISMISS THE "JOHN DOE" DEFENDANTS

### I.  RECOMMENDATION

For the following reasons, I **RECOMMEND** that claims against Defendants John Doe 1 and Jane Doe 2 be **DISMISSED**.

1

## II.     REPORT

### A.     BACKGROUND

Plaintiff, currently a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") at the Macomb Correctional Facility ("MRF") in New Haven, Michigan, filed suit in this Court on August 19, 2022, alleging deprivations of her civil rights under 42 U.S.C. 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794 *et seq.* while a pretrial detainee in the custody of the St. Clair County Jail between September 29, 2018 and August 8, 2019. (ECF No. 1, PageID.1-11, ¶¶ 25-55).[1]

On January 24, 2023, the Undersigned noted that Plaintiff had failed to identify the Doe Defendants within 90 days of filing the Complaint as required by Fed. R. Civ. P. 4(m). (ECF No. 19, PageID.270). The Court cautioned that at that time it "could recommend dismissal of the unnamed Defendants" but because the Court was "sympathetic with the difficulty Plaintiff's sometimes face in seeking to identify the Doe Defendants, the Court [would] give Plaintiff more time to do so." (*Id.* at PageID.271). The Court ordered that Plaintiff "identify the John Doe

---

[1] Plaintiff is listed as a biological male in MDOC's Offender Tracking Information System ("OTIS") but uses female pronouns in the Complaint. https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=203296. (Last visited December 12, 2022).

2

Defendants so they may be served by the U.S. Marshal Service by **February 28, 2023**, or the Court will file a Report and Recommendation recommending that the Doe Defendants be dismissed." (*Id.*) (boldface in original).

### B. ANALYSIS

Federal Rule of Civil Procedure 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *See Cross v. Carmona*, 15-cv-14254, 2018 WL 1535393, at *4 (E.D. Mich. March 29, 2018); *Ward v. Corizon Health, Inc.*, 15-cv-11902, 2016 WL 422493, at *8 (E.D. Mich. July 12, 2016); *Cary v. Mox*, 17-cv-12862, 2018 WL 4402939, *10 (E.D. Mich. Aug. 14, 2018).

The Court granted Plaintiff additional time to identify the John Does despite the fact that she did not provide good cause under Rule 4(m). And although Plaintiff has made other submissions to the Court since then, she has not requested additional time to identify the John Doe Defendants and the time for doing so has long passed. For this reason, the Doe Defendants should be dismissed.

3

### III. CONCLUSION

Therefore, I **RECOMMEND** that the John Doe Defendants be **DISMISSED WITHOUT PREJUDICE**.

### IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

4

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 18, 2023

                                            S/PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge